UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHAWN FLOWERS-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-CV-00004-RLW |
| | ) |
| ROBERT WEBSTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Shawn Flowers-Bey, an inmate at Farmington Correctional Center, to proceed in the district court without prepaying fees and costs. Having reviewed the application and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $34.47. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order the Clerk of Court to issue process on the following defendants in their individual capacities: Dr. Tomas Cabreara, Dr. Michael Paniaugua, Bonnie Brennen, Tamara Anderson, Mary Chandler, Dr. Rhodes, Dr. McCollum, Dr. Kim, and Tamaro Crouch. The Court will dismiss without prejudice defendants Robert Webster, Chantay Godert, Danial Redington, and Dr. Lovelace.

### Initial Filing Fee Under Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account,

or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

In support of the motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $172.38. The Court will therefore assess an initial partial filing fee of $34.47, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 alleging that medical personnel at Northeast Correctional Center ("NECC") were deliberately indifferent to his serious medical need in violation of his Eighth Amendment rights.[1] He names as defendants Robert Webster (Health Service Administrator, Corizon); Tomas Cabreara (Doctor, Corizon), Michael Paniaugua (Doctor, Corizon); Bonnie Brennen (Nurse, Corizon); Tamara Anderson (Health Service Administrator, NECC); Mary Chandler (Nurse, Corizon); Dr. Rhodes (Doctor, Corizon); Dr. McCollum (Doctor, Corizon), Dr. Kim (Doctor, Corizon); Tamaro Crouch (Nurse, Corizon); Chantay Godert (Warden, NECC); Danial Redington (Warden, NECC); and Dr. Lovelace (Doctor, Corizon). He sues all defendants in their individual and official capacities.

---

[1] Although plaintiff is now incarcerated at Farmington Correctional Center, at all times relevant to the complaint he was incarcerated at NECC.

-3-

In his complaint, plaintiff alleges that defendants Dr. Cabreara, Dr. Paniaugua, Nurse Bonnie Brennen, Tamara Anderson, Nurse Mary Chandler, Dr. Rhodes, Dr. McCollum, Dr. Kim, and Nurse Tamaro Crouch have been deliberately indifferent to his serious medical need: an inguinal hernia. Plaintiff describes his hernia as avocado-sized and growing towards his testes. He states he is in pain walking, bending, coughing, sneezing, bathing, eating, and standing. "In fact, as a result of me being forced to wear the hernia truss, is the reason my hernia started growing towards my [testes], and now is more difficult to push my bulging tissue back in." Plaintiff states that at some point after October 1, 2019, he became unable to wear the hernia truss. He states he is having more pain, "especially due to the fact that I am not being provided any adequate medical treatment in place of the hernia truss."

Plaintiff has sought surgery to rectify his condition, but has been told by Corizon employees that the surgery is elective, and their standard of care is to offer hernia belts, jock straps, or binding devices for prisoners to hold the bulging tissue in place. Plaintiff states he is being denied surgery, and if left untreated, his hernia could lead to serious complications "including the intestines becoming trapped in the scrotum or abdominal wall, which can lead to bowel obstruction, tissue necrosis, sepsis, excision of the intestines, and even death." Plaintiff continues:

> . . . I am constantly having to push the bulging tissue back into place wherever I go throughout the institution, including the chow hall, medical, the visiting room (where I have to get searched after pushing it back in), or anywhere else I go. I am constantly being denied a second opinion from an outside consultation or any other form of treatment.
>
> I am currently on a no work, no prolonged standing (that [doesn't] fit my condition), and lower bunk lay-in. Due to my hernia, I am unable to do any lifting, bending, or any other physical activities, but, I am told to do some of these things for physical therapy. Being in the chronic care, chronic pain clinic has not offered any solution, relief, or remedy to assist with the pain and discomfort other than medication that does nothing for the symptoms of the condition I have been

experiencing for the last three or more years, since around or about June or July of 2016.

. . .

. . . And now, any type of physical movement that I make causes me pain and forced defecation problems and pain and discomfort of the bulging tissue.

Note: Forced defecation: anytime I eat it forces the tissue to bulge within 10-20 minutes, I then have to force myself to defecate to relieve some of the tension of the remaining bulging tissue.

For relief, plaintiff seeks adequate medical treatment and actual and punitive damages in the amount of $300,000.

## Discussion

To survive initial review under 28 U.S.C. § 1915, plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs in violation of his Eighth Amendment rights. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To adequately plead deliberate indifference, plaintiff must allege that he suffered from an objectively serious medical need and defendants actually knew of, but deliberately disregarded the need. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted).

Liberally construed, plaintiff's complaint states a plausible claim for deliberate indifference to a serious medical need in violation of his Eighth Amendment rights against the following defendants in their individual capacities: Dr. Cabreara, Dr. Paniaugua, Bonnie Brennen,

Tamara Anderson, Mary Chandler, Dr. Rhodes, Dr. McCollum, Dr. Kim, and Tamaro Crouch.[2] The Court will order the Clerk of Court to issue process on these defendants in their individual capacities.

The remaining defendants are Wardens Chantay Godert and Danial Redington, Dr. Lovelace, and Robert Webster. After careful review, the Court will dismiss these defendants without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The allegations against Wardens Godert and Redington sound in respondeat superior, which is not cognizable in a § 1983 action. *See Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018) (stating government officials may not be held liable for unconstitutional conduct under a theory of respondeat superior). As for Dr. Lovelace, the only allegation plaintiff makes against him is that during one appointment in 2019, Dr. Lovelace tried to push in plaintiff's hernia. From this bare allegation, the Court cannot find Dr. Lovelace was deliberately indifferent to plaintiff's serious medical needs. Finally, with respect to Robert Webster, plaintiff states that a letter he addressed to Warden Godert was forwarded to Mr. Webster. From this allegation, the Court has no information from which it could determine that Mr. Webster was deliberately indifferent to plaintiff's serious medical needs. For these reasons, after careful review, the Court will dismiss without prejudice defendant Wardens Chantay Godert and Danial Redington, Dr. Lovelace, and Robert Webster.

---

[2] In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In order to prevail on an official capacity claim, plaintiff would have to establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff has not alleged such governmental liability, and therefore his official capacity claims against the individual defendants will be dismissed.

### Motion for Appointment of Counsel

Finally, plaintiff has filed a motion for appointment of counsel. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995) (abrogated on other grounds, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005)). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claims. He has filed an articulate and readily understood pleading which indicates that he is capable of clear expression and appropriate organization of content. Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff at this time, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $34.47 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with Corizon, as to defendants Tomas Cabreara, Michael Paniaugua, Bonnie Brennen, Tamara Anderson, Mary Chandler, Dr. Unknown Rhodes, Dr. Unknown McCollum, Dr. Unknown Kim, and Tamaro Crouch in their individual capacities.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendants Robert Webster, Chantay Godert, Danial Redington, and Dr. Unknown Lovelace are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 20th day of July, 2020.

                                                            /s/ Ronnie L. White
                                                            RONNIE L. WHITE
                                                            UNITED STATES DISTRICT JUDGE