UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHAWN FLOWERS-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-CV-0004-RLW |
| | ) |
| TOMAS CABRERA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Shawn Flowers-Bey's motion to appoint counsel. For the following reasons, the motion will be denied at this time.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

In his motion, plaintiff states that he is unable to do the proper research needed to respond to the Court's order dated September 30, 2020, and therefore requests counsel. The Court's order

had required plaintiff to provide service addresses for defendants Dr. Unknown McCollum and Dr. Unknown Kim. The Court has considered plaintiff's request, but notes for plaintiff that defendants' Rule 16 disclosures will require defendants to disclose the addresses of Dr. Unknown McCollum and Dr. Unknown Kim. Counsel is not necessary for this reason. Additionally, after reviewing the remaining relevant factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice.** [ECF No. 28]

Dated this 8th day of October, 2020.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE