UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

SHAWN FLOWERS-BEY, )
 )
        Plaintiff, )
 )
v. ) No. 2:20-CV-0004 RLW
 )
TOMAS CABRERA, et al., )
 )
        Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on review of self-represented prisoner Plaintiff Shawn Flowers-Bey's ("Plaintiff") document titled "Pleadings" (ECF No. 36). This document will be stricken and removed from the record for filing error.

**Background**

This is an action under 42 U.S.C. § 1983 in which Plaintiff alleges that medical personnel at Northeast Correctional Center ("NECC") were deliberately indifferent to his serious medical need concerning his inguinal hernia, in violation of his Eighth Amendment rights. The Court dismissed Plaintiff's claims against several Defendants but ordered process to issue on the following Defendants in their individual capacities: Dr. Cabrera, Dr. Paniagua, Bonnie Brennen, Tamara Anderson, Mary Chandler, Dr. Rhodes, Dr. McCollum, Dr. Kim, and Tamra Crouch.[1] See Mem. and Order of July 20, 2020 (ECF No. 8.) The Court later dismissed Plaintiff's claims against Dr. McCollum and Dr. Kim without prejudice after Plaintiff did not provide addresses for them to be served with process as previously ordered. See Order of

---

[1] By Order of September 11, 2020 (ECF No. 17), the Court ordered the Clerk to correct the spelling of several defendants' names on the docket sheet and change the short caption of the case because the first-named defendant was dismissed from the action.

October 9, 2020 (ECF No. 32.) The Court then entered a Case Management Order. (ECF No. 34.)

**Discussion**

On November 30, 2020, Plaintiff filed a document titled "Pleadings." (ECF No. 36.) In this document, Plaintiff discusses grievances he filed at NECC, being retaliated against for filing grievances, states that he was forced to work while he was on a "no work lay-in," and received disciplinary violations for not being able to work. Plaintiff also discusses his hernia condition, and claims that Corizon Medical Service – which is not a party to this case -- has violated his Eighth Amendment rights. Attached to the document are several exhibits consisting of a Missouri Department of Corrections Medical Lay-In Form for Plaintiff, two Conduct Violation Reports issued to Plaintiff, and a Disciplinary Action Report issued to Plaintiff.

The Case Management Order established a deadline of December 1, 2020, for the filing of motions to join additional parties or motions for amendment of pleadings. (ECF No. 34, ¶ 2.) The Court does not construe Plaintiff's "Pleading" as either a motion to amend his Complaint or join a party, or as a supplement to his Complaint. Plaintiff cannot simply add information to his complaint as he has attempted to do but instead must follow proper procedures if he wishes to file an amended complaint. Also, Plaintiff's "Pleading" improperly includes claims that are not related to the subject of this lawsuit and a party that is not part of this lawsuit.

If Plaintiff wants to file an amended complaint, he must file a motion for leave of Court to file an amended complaint out of time, and must submit a proposed amended complaint with the motion for leave. Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. See In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). This means any claims that are not re-alleged in the amended complaint will be deemed abandoned, and any Defendant that is not listed

by name in the case caption will be dismissed from the case. Plaintiff cannot incorporate his original complaint by reference into an amended complaint. Also, any amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure or it will be subject to dismissal.[2]

The Court takes judicial notice that Plaintiff has another case pending in this District, Flowers-Bey v. Anderson, et al., No. 2:19-CV-0070 SRC (E.D. Mo.). In that case, Plaintiff alleges he was retaliated against by prison personnel for filing grievances regarding his back pain. That case concerns the same medical lay-in and conduct violations that Plaintiff attached to the "Pleadings" document he filed in this case.

The case before this Court, No. 2:20-CV-0004 RLW, concerns the Defendants' alleged deliberate indifference to Plaintiff's serious medical need of his hernia. Plaintiff must limit his filings in this case to the issue of failure to provide treatment for his inguinal hernia.

---

[2]In the "Caption" section of any proposed amended complaint, Plaintiff must clearly name every party he is intending to sue. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

Plaintiff should provide a short and plain statement of the factual allegations supporting his claim(s). See Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 10(b). Plaintiff should avoid making legal arguments in the Complaint.

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, Plaintiff should only include claims that are related to each other. See Fed. R. Civ. P. 20(a)(2). This case alleges deliberate indifference to Plaintiff's serious medical need of an inguinal hernia.

In preparing an amended complaint, Plaintiff should begin by writing the first Defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific Defendant. If Plaintiff is suing more than one Defendant, he should follow the same procedure for each Defendant. Plaintiff must allege facts showing how each separate Defendant harmed him. It is not enough for Plaintiff to make general allegations against the Defendants as a group. Rather, Plaintiff needs to explain the role of each named Defendant in this case, so each Defendant can receive notice of what they are accused of doing. See Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

3

**Conclusion**

For the reasons stated above, the document titled "Pleadings" does not comply with Court rules and procedures and will not be construed as either a motion to amend Plaintiff's Complaint or to join a party or as a supplement to Plaintiff's Complaint. The document will be stricken from the record for filing error, and the Clerk of the Court will be directed to remove it from the record and return it to Plaintiff. As a result, the Court will also strike and remove from the record as surplusage the Defendants' Answer to Plaintiff's Supplemental Complaint (ECF No. 37), filed in response to Plaintiff's document titled "Pleadings" on December 7, 2020.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's document titled "Pleadings" (ECF No. 36) is **STRICKEN** from the record for filing error.

**IT IS FURTHER ORDERED** that the Clerk shall remove ECF No. 36 and its attached exhibits from the record and return it to Plaintiff.

**IT IS FURTHER ORDERED** that Defendants' Answer to Plaintiff's Supplemental Complaint (ECF No. 37), is **STRICKEN** from the record as surplusage, and the Clerk shall remove from the record.

                                                      */s/ Ronnie L. White*
                                                  **RONNIE L. WHITE**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated this 7th day of December, 2020.