# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| SHAWN FLOWERS-BEY, | ) |
| Plaintiff, | ) |
| v. | ) No.  2:20-CV-4 RLW |
| TOMAS CABRERA, et al, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Tomas Cabrera, Miguel Paniagua, Karen Rhodes, Mary Chandler, Bonnie Brennen, Tamara Anderson, and Tamra Crouch's Motion to Dismiss. (ECF No. 51). Also before the Court is Plaintiff's Motion to Stay, (ECF No. 54), and Motion for Leave to File an Amended Complaint. (ECF No. 59). For the reasons that follow, the Court denies all three motions.

### *I. Background*

Plaintiff Shawn Flowers-Bey, who is proceeding pro se, filed this civil rights action on January 27, 2020, pursuant to 42 U.S.C. § 1983 seeking relief for alleged deliberate indifference to his serious medical needs while he was incarcerated at Northeast Correctional Center ("NCC"). (ECF No. 1). Plaintiff claims he has suffered from a left inguinal hernia since June or July of 2016. He alleges medical staff at NCC refused to provide him with medically necessary corrective surgery, and instead they provided him with a hernia truss to alleviate his symptoms. (Id.) He claims the truss is inadequate, and any type of physical movement causes him pain. (Id.) Plaintiff

alleges that if he were not incarcerated, the standard of care would require surgical intervention. (Id.)

On July 20, 2020, the Court conducted a frivolity review pursuant to 28 U.S.C. § 1915(e)(2). Liberally construing the allegations in Plaintiff's Complaint, the Court found Plaintiff states a plausible claim for deliberate indifference to a serious medical need in violation of his Eighth Amendment rights against the following defendants in their individual capacities: Tomas Cabrera, Miguel Paniagua, Karen Rhodes, Mary Chandler, Bonnie Brennen, Tamara Anderson, and Tamra Crouch, Unknown McCollum, and Unknown Kim.[1]  The Court later dismissed without prejudice defendants Dr. Unknown McCollum and Dr. Unknown Kim for lack of information to effectuate service.

## II. Discussion

### A.   Defendants' Motion to Dismiss

Defendants move that the Court sanction Plaintiff and dismiss his case with prejudice for his failure to provide his disclosures as required by the Case Management Order ("CMO") and the Court's Order dated January 11, 2021.

As background, on October 9, 2020, the Court issued a CMO.  Under the deadlines in the CMO, the parties were to make disclosures to the other parties no later than November 9, 2020. The required disclosures are described in detail in the CMO.  The parties are warned in the CMO that "[f]ailure to make the above disclosures may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just."  (ECF No. 34 at 2).

---

[1] On September 11, 2020, the Court ordered the Clerk to correct the spelling of several defendants' names on the docket sheet and change the short caption of the case because the first-named defendant was dismissed from the action.  (ECF No. 17).

On December 11, 2020, Defendants filed a motion to compel Plaintiff's disclosures pursuant to Fed. R. Civ. P. 37. (ECF No. 40).  Plaintiff did not respond to the motion, and on January 11, 2021, the Court granted Defendants' motion. (ECF No. 42).  Plaintiff was ordered to provide to the Defendants, no later than February 8, 2021, "a list, including addresses, of all persons having knowledge or information of the facts giving rise to plaintiff's claim, and all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claim."  (Id. at 2).  The Court warned Plaintiff that "failure to timely and fully comply with this Order may result in the exclusion from evidence of undisclosed information and other appropriate sanctions as contemplated by Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii), including but not limited to dismissal of this action."  (Id.)

Plaintiff did not provide Defendants with his disclosures by the deadline in the Order.  Defendants filed their Motion to Dismiss based on Plaintiff's failure to provide Defendants with his disclosures as required by the CMO and the Court's January 11, 2021 Memorandum and Order.  In their motion, Defendants state they had yet to receive Plaintiff's disclosures, despite the Court ordering him to do so no later than February 8, 2021.  Defendants argue Plaintiff's noncompliance has prejudiced their ability to engage in the discovery process, prepare dispositive motions, or otherwise defend this lawsuit.

Plaintiff did not respond to Defendants' Motion to Dismiss.  Instead, less than two days after Defendants filed their motion, Plaintiff filed a motion to stay these proceedings.  Plaintiff asks that the Court stay the case for 120 days based on the fact that he says he has been in "ag-seg" for conduct violations, which he was in the process of appealing.  Plaintiff states in his motion he anticipated that he would continue to be in ad-seg or "dis-seg" for at least 50 more days.  (ECF

No. 54).  Plaintiff also states that his property, including his legal materials, was being held in the property room pursuant to "policy."  (Id.)

On June 10, 2021, approximately 50 days later, Plaintiff filed with the Court a Motion for Leave to File an Amended Complaint.  Plaintiff attached to his motion for leave a hand-written document entitled "Persons Having Knowledge of Complaint," which contains a list of individuals and their addresses.  Plaintiff also attached 53 pages of documents, many of which appear relevant to Plaintiff's hernia, the treatment he received for his hernia, and grievances he pursued about that treatment.

Federal Rule of Civil Procedure 37 authorizes the district courts to impose sanctions upon parties who fail to comply with discovery orders, but dismissal may be considered as a sanction only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.  Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000).  A dismissal with prejudice is "an extreme sanction" and "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 527 (8th Cir. 2000). "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'"  Id. (quoting Rodgers v. Curators of Univ. of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998)).  Where a court gives meaningful notice of what is expected of pro se litigants, initially imposes less stringent sanctions when plaintiffs fail to cooperate, and warns them that their failure to comply with subsequent court orders would result in "dismissal of their action," dismissal is proper.  Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988) (per curiam).

4

An action may also be dismissed pursuant to Rule 41(b) if a plaintiff has failed to comply with any order of the court. Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (dismissal appropriate where pro se civil rights plaintiff willfully disregarded court's order allowing defendants to depose him). See also Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 722 (8th Cir. 2010) (affirming dismissal with prejudice under Rule 41 for multiple discovery violations and plaintiffs' failure to appear for a status conference).

Before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate." Keefer v. Provident Life & Acc. Ins. Co., 238 F.3d 937, 941 (8th Cir. 2000). A district court need not impose the least onerous sanction available, but the most appropriate under the circumstances. Id. See also In re Popkin & Stern, 196 F.3d 933, 938 (8th Cir. 1999) (the "sanction must be proportionate to the litigant's transgression."). Also, when a litigant's conduct "abuses the judicial process, the remedy of dismissal is within the inherent powers of the court." Keefer, 238 F.3d at 941.

Here, the Court finds Plaintiff intentionally failed to meet his discovery obligation and comply with a Court order. Based on Plaintiff's own representations, he was not placed in ag-seg until February 11, 2021. Plaintiff disclosures were initially due on November 9, 2020, and later he was ordered to provide them on or before February 8, 2021, before he was placed in ag-seg. That said, the Court concludes that dismissal is not warranted at this time. While Plaintiff's conduct was intentional, his conduct was not so egregious that it rises to a level requiring dismissal with prejudice. Plaintiff has not committed multiple discovery violations, and it appears from the record that Plaintiff made his disclosures shortly after he was released from ag-seg. Moreover, Defendants have not established that they have suffered prejudice. Certainly, there has been delay

in this case, but there is nothing in the record to suggest that the delay has or will hinder Defendants' ability to defend against Plaintiff's claims.

In their motion, Defendants offer no alternative sanction to dismissal with prejudice, and in the absence of any other suggestion, the Court finds the appropriate sanction to be admonishment. Plaintiff does not have the resources to pay a fine and limiting the evidence does not fit the offense. Although Plaintiff is representing himself pro se, he is not excused from complying with the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules of this Court. See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996); see also Faretta v. California, 422 U.S. 806, 934-35 n.46 (1975) (pro se litigant must comply with relevant rules of procedure). Plaintiff must abide by the deadlines in the Amended CMO, and his filings must be timely.[2] Plaintiff is also warned that the Court will not tolerate any willful discovery violations going forward.

### B.     Plaintiff's Motion for Leave to Amend Complaint

As to Plaintiff's Motion for Leave to File an Amended Complaint, this is not the first time Plaintiff has asked that he be allowed to amend his Complaint. On November 30, 2020, Plaintiff filed with the Court a document entitled "Pleadings." The Court declined to construe this filing as an amended complaint or motion for leave to file an amended complaint. In a Memorandum and Order dated December 7, 2020, the Court provided Plaintiff with detailed instructions as to how to seek leave to file an amended complaint. The Court explicitly instructed Plaintiff that he must submit a proposed amended complaint with any motion for leave. Plaintiff was also provided detailed instructions as how to prepare an amended complaint and what must be included therein.

---

[2] In light of the fact that many of the deadlines in the CMO have passed, the Court will amend the CMO by separate order to allow for the completion of discovery in this case.

6

Later, in a document dated February 3, 2021, which the Court received February 11, 2021, Plaintiff moved for leave to file an amended complaint. Plaintiff, however, did not attach a proposed amended complaint to his motion for leave, as he had been explicitly instructed to do in the Court's December 7, 2020 Memorandum and Order. In denying Plaintiff's motion for leave to file an amended complaint, the Court noted Plaintiff had failed to follow the Court's instructions for seeking amendment, most notably, he did not submit a proposed amended complaint. The Court wrote, "[t]he Motion for Leave is not an amended complaint and cannot be liberally construed as one, as it is five pages of fact statements in numbered paragraphs with no causes of action identified." (ECF No. 49 at 3).

Once again Plaintiff moves to file an amended complaint, but again he has not complied with the Court's instructions or the Local Rules of this Court in that Plaintiff failed to attach a proposed amended complaint. For the reasons stated in the Court's prior orders, the motion is denied. As the Court has previously stated, Plaintiff must attach a proposed amended complaint to his motion for leave. Furthermore, the deadline to amend the pleadings in this case has long passed, and in his motion for leave to amend, Plaintiff fails to state any reasons as to why the deadline should be extended.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss with prejudice based on Plaintiff's failure to provide his disclosures as required by the Case Management Order and the Court's Order dated January 11, 2021, is **DENIED.** (ECF No. 51)

**IT IS FURTHER ORDERED** that Plaintiff is admonished for his failure to comply with the Case Management Order and the Court's Order dated January 11, 2021. Plaintiff must comply with all Court Orders, the Local Rules of this Court, and Federal Rules of Civil Procedure. Plaintiff

7

is warned that the Court will not tolerate any willful discovery violations going forward. **Plaintiff's failure to comply with the Amended Case Management Order or to follow the applicable rules of discovery shall result in dismissal of his claims with prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint is **DENIED.** (ECF No. 59)

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay these proceedings is **DENED** as moot. (ECF No. 54)

The Court will issue a separate Amended Case Management Order.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   17th   day of February, 2022.