# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| SHAWN FLOWERS-BEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-CV-4 RLW |
| TOMAS CABRERA, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff Shawn Flowers-Bey's Second Motion for the Appointment of counsel. (ECF No. 63). For the reasons that follow, the motion is denied.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). As the Court stated in its Memorandum and Order dated July 20, 2020, "The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court." See ECF No. 8 at 7 (citing Phillips v.Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006)). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995) (abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005)). When determining whether to appoint counsel for a litigant, the Court considers several relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claims. Id.

In the motion presently before the Court, Plaintiff states that he requires the appointment of counsel for the following reasons: (1) he is unable to afford an attorney; (2) evidence could be

collected better through counsel; and (3) "it is better to have an attorney regardless of how well a person know[s] the law." (ECF No. 63 at 1).

In its prior Memorandum and Order, the Court found that this action appears to involve "straightforward questions of fact rather than complex issues of law," and that Plaintiff appears to be able to clearly present and investigate his claims. See ECF No. 8 at 7. The Court has reviewed the instant motion and finds circumstances have not materially changed since the Court denied Plaintiff's first request for appointment of counsel. Plaintiff continues to file articulate and readily understood filings with appropriate organization of content. Plaintiff also appears to have a good grasp of the facts of his claims. As for discovery, there is nothing in Plaintiff's motion to suggest that he is unable to obtain the written discovery he needs through the applicable Federal Rules of Civil Procedure. The Court finds the appointment of counsel is not necessary at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion for Appointment of Counsel, is **DENIED**. (ECF No. 63)

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of April, 2022.